**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**TINA CLARKE,**

          **Plaintiff,**

**v.**                                                 **No. 2:09-cv-02056-STA-cgc**

**UNITED PARCEL SERVICE, INC.,**

          **Defendant.**

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss. (D.E. #8). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. (D.E. #22). For the reasons set forth herein, the Court RECOMMENDS that UPS's Motion to Dismiss be GRANTED.

**I. Introduction**

On February 8, 2005, Plaintiff Tina Clarke ("Clarke") filed a Chapter 13 Voluntary Petition ("Bankruptcy Petition") in the United States Bankruptcy Court for the Western District of Tennessee at Memphis. The Bankruptcy Petition contained the required schedules, including "Schedule B. Personal Property" ("Schedule of Personal Property"). Nearly eighteen months later, Clarke filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 30, 2007. The Charge of Discrimination alleged that UPS had discriminated against her on the basis of age and disability and retaliated against her from January 3, 2007 until October 30, 2007. Additionally, the Charge of Discrimination alleged that Clarke's employment with UPS was

terminated on October 26, 2007.

Following the termination of her employment with UPS, Clarke filed a "Motion to Make Direct Payments and Modify Plan Payment Schedule" in the United States Bankruptcy Court for the Western District of Tennessee on May 9, 2008. Def.'s Mot. to Dismiss, Ex. 5. Clarke stated that her "current plan payments are scheduled to be paid via employer payroll deductions every week" but that she had become unemployed. Id. As such, Clarke requested to make direct payments from her employment benefits to the Trustee. Id. On June 25, 2008, the United States Bankruptcy Court for the Western District of Tennessee granted Clarke's motion. Def.'s Mot. to Dismiss, Ex. 6. Notwithstanding the previously filed Charge of Discrimination, Clarke did not amend her bankruptcy schedules to report her cause of action.

Clarke filed a Complaint in this Court on February 2, 2009 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), Section 1981 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, ("ADA") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401. Clarke did not amend her bankruptcy schedules upon the filing of the Complaint. On March 18, 2009, UPS filed the instant Motion to Dismiss Plaintiff's Complaint based upon judicial estoppel. Over one month after the filing of the Motion to Dismiss, Clarke filed an amended Schedule of Personal Property to reflect this lawsuit. See Pl.'s Resp. to Mot. to Dismiss, Ex. A.

**II. Analysis**

It is recommended that Plaintiff's Complaint be dismissed based on lack of standing and the doctrine of *res judicata.*

### A. *Standing*

Under Section 541(a) of the United States Bankruptcy Code, the commencement of a bankruptcy case creates an estate that is comprised of certain property, including "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a). As such, the bankruptcy trustee "has the capacity to sue and be sued," 11 U.S.C. § 323(b), and the debtor does not have standing to pursue any such causes of action, see Bauer v. Commerce Union Bank, 859 F.2d 438, 440-41 (6th Cir. 1988). Thus, as an initial matter, the bankruptcy trustee would have to either "join, authorize, or abandon" the instant action before it could proceed. Bauer, 859 F.2d at 440. There is no evidence in the record to indicate that the bankruptcy trustee has either joined, authorized or abandoned the instant claims. Therefore, Clarke does not have standing to pursue this suit.

### B. *Judicial Estoppel*

Next, the Court must consider whether the doctrine of judicial estoppel bars the instant cause of action due to Clarke's failure to amend the bankruptcy schedules. Under Section 521(1) of the United States Bankruptcy Code, a debtor must file a list of creditors and, unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. 11 U.S.C. § 521(1). It is well-settled that a cause of action is an asset that must be scheduled under § 521(1). See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). Moreover, the duty to disclose is a continuing one, and the debtor is required to disclose all potential causes of action. See, e.g. In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase

of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000)). Judicial estoppel is intended to preserve "the integrity of courts be preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002) (quoting Teledyne Indus., Inc. v. N.L.R.B., 811 F.2d 1214, 1218 (6th Cir. 1990)). The United States Court of Appeals for the Sixth Circuit has previously described judicial estoppel as a rule against "the perversion of the judicial machinery," "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," or "hav[ing] [one's] cake and eat[ing] it too." Reynolds v. Comm'r, 861 F.2d 469, 472 (6th Cir. 1988) (citations omitted) (alteration in original).

The United States Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750-51 (internal quotations omitted). These factors, however, are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." Id. at 751.

The United States Court of Appeals for the Sixth Circuit expounded upon the New Hampshire factors and further described judicial estoppel as barring a party from "(1) asserting a

4

position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002) (internal quotation omitted).

The United States Court of Appeals for the Sixth Circuit has considered a case strikingly similar to the instant case in Bohanan v. Bridgestone/Firestone North American Tire, LLC, No. 07-5542, 2008 WL 215749 (6th Cir. 2008). In Bohanan, the plaintiffs filed a bankruptcy petition approximately two years before commencing a discrimination lawsuit. Bohanan v. Bridgestone/Firestone North American Tire, LLC, No. 3:06cv122, 2007 WL 1091209, at*6 (M.D. Tenn. Apr. 10, 2007). The plaintiffs did not amend their bankruptcy schedules at any time before the defendant filed a Motion to Dismiss, including when the plaintiffs filed a motion to amend their Chapter 13 Plan in the bankruptcy court. Id. at *6-7. The Sixth Circuit affirmed the District Court's conclusion that the plaintiffs' case must be dismissed because the plaintiffs had taken contrary positions under oath and because the record contained no affirmative evidence of good faith, inadvertence, or mistake. Bohanan, 2008 WL 215749, at **2.

As in Bohanan, Clarke failed to amend her bankruptcy schedules at any time prior to UPS's filing of its Motion to Dismiss. Clarke had ample opportunity to do so following her filing of a Charge of Discrimination, in her Motion to Make Direct Payments and Modify Plan Payment Schedule, following her filing of the Complaint. Thus, Clarke is now asserting a position in this lawsuit that is contrary to the position she took under oath in a prior proceeding, and the United States Bankruptcy Court for the Western District of Tennessee has already adopted her contrary position in its consideration of her case. Accordingly, the Browning factors mandate that judicial estoppel bar Clarke from pursuing the instant lawsuit.

Nevertheless, Plaintiff argues that her failure to disclose the present cause of action to the United States Bankruptcy Court for the Western District of Tennessee should be deemed "inadvertent" and prevent the application of judicial estoppel. In Browning, the Court held that a failure to amend may be deemed inadvertent where (1) "the debtor lacks knowledge of the factual basis of the undisclosed claims," or (2) "the debtor has no motive for concealment." Browning, 283 F.3d at 776. In the instant case, neither factor is present. It is unquestionable that Clarke was aware of the factual basis of her discrimination claims since, at the very least, October 30, 2007 when she filed her Charge of Discrimination. Likewise, Clarke was aware of the factual basis for her discrimination claims when she filed a motion with the United States Bankruptcy Court for the Western District of Tennessee on May 9, 2008 seeking to modify her payments on the basis of her termination of employment with UPS. Finally, Clarke was aware of the factual basis of her discrimination claims on February 2, 2009 when she filed a Complaint in this Court. At none of these instances did Clarke amend her Schedule of Personal Property, including when she appeared before the United States Bankruptcy Court for the Western District of Tennessee to seek other relief related to her termination of employment with UPS.

Additionally, as to whether Clarke had a motive for concealment, the United States Court of Appeals for the Sixth Circuit has held that "it is always in a Chapter 13 petitioner's interest to minimize income and assets." See Crystal A. Lewis v. Weyerhauser Co., No. 04-5674, 2005 WL 157971, at **5 (6th Cir., July 6, 2005). The Court finds that Clarke's failure to amend her Schedule of Personal Property cannot be deemed inadvertent and therefore, Defendant UPS is entitled to judgment as a matter of law on the basis of judicial estoppel on the grounds that Plaintiff was required to—and failed—to amend her bankruptcy court filings after the filing of this lawsuit.

**III. Conclusion**

For the reasons set forth herein, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

**IT IS SO ORDERED** this 17th day of August, 2009.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
