## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **TINA CLARKE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **No. 09-2056-STA** |
| **UNITED PARCEL SERVICE, INC.;** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant United Parcel Service, Inc.'s Motion to Dismiss (D.E. #8) filed on March 18, 2009.  On August 17, 2009, the Magistrate Judge recommended Defendant's Motion be granted and the case dismissed (D.E. # 32).  Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation (D.E. #33) on August 21, 2009.  Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire record of the case, the Court hereby **ADOPTS** in part the Magistrate Judge's Report and **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the facts in this case, which were as follows:

On February 8, 2005, Plaintiff Tina Clarke ("Clarke") filed a Chapter 13 Voluntary Petition ("Bankruptcy Petition") in the United States Bankruptcy Court for the Western District

1

of Tennessee at Memphis.  The Bankruptcy Petition contained the required schedules, including

"Schedule B. Personal Property" ("Schedule of Personal Property").  Nearly eighteen months

later, Clarke filed a Charge of Discrimination with the Equal Employment Opportunity

Commission ("EEOC") on October 30, 2007.  The Charge of Discrimination alleged that UPS

had discriminated against her on the basis of age and disability and retaliated against her from

January 3, 2007 until October 30, 2007.  Additionally, the Charge of Discrimination alleged that

Clarke's employment with UPS was terminated on October 26, 2007.

Following the termination of her employment with UPS, Clarke filed a "Motion to Make

Direct Payments and Modify Plan Payment Schedule" in the United States Bankruptcy Court for

the Western District of Tennessee on May 9, 2008.  Def.'s Mot. to Dismiss, Ex. 5.  Clarke stated

that her "current plan payments are scheduled to be paid via employer payroll deductions every

week" but that she had become unemployed.  *Id*.  As such, Clarke requested to make direct

payments from her employment benefits to the Trustee.  *Id*.  On June 25, 2008, the United States

Bankruptcy Court for the Western District of Tennessee granted Clarke's motion.  Def.'s Mot. to

Dismiss, Ex. 6.  Notwithstanding the previously filed Charge of Discrimination, Clarke did not

amend her bankruptcy schedules to report her cause of action.

Clarke filed a Complaint in this Court on February 2, 2009 alleging violations of Title

VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), Section 1981 of the Civil

Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment

Act, 29 U.S.C. § 621 ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101,

("ADA") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401.  Clarke did not

amend her bankruptcy schedules upon the filing of the Complaint.  On March 18, 2009, UPS filed the instant Motion to Dismiss Plaintiff's Complaint based upon judicial estoppel.  Over one month after the filing of the Motion to Dismiss, Clarke filed an amended Schedule of Personal Property to reflect this lawsuit.  See Pl.'s Resp. to Mot. to Dismiss, Ex. A.

The Magistrate Judge has recommended that the Court grant Defendant's Motion to Dismiss.  More specifically, the Magistrate Judge concluded that Plaintiff lacks standing to bring this suit because as the debtor the Plaintiff has no standing to sue.  The trustee of the bankruptcy estate is the real party in interest.  The Magistrate Judge also concluded that since Plaintiff failed to amend her bankruptcy court filings after filing the instant lawsuit the doctrine of judicial estoppel mandates dismissal.

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation to grant Defendant's Motion to Dismiss.  Plaintiff first contends that the Magistrate Judge's Order makes inappropriate credibility determinations.  More specifically, Plaintiff asserts that the Magistrate Judge's Order requires unsophisticated debtors, such as Plaintiff, to know they must amend their bankruptcy schedules years after a plan is confirmed. Plaintiff contends this is not the law.  Secondly, Plaintiff contends that she does have standing to bring this suit.  Plaintiff cites a series of cases outside of this Circuit for the proposition that a debtor and trustee have concurrent standing to sue on behalf of the bankruptcy estate.  Finally, Plaintiff argues that she did not in bad faith fail to amend her bankruptcy schedule.  Thus, the equitable doctrine of judicial estoppel should not apply.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a *de novo* standard of review

for "dispositive" motions excepted in § 636(b)(1)(A) such as motions to dismiss.[1]

## ANALYSIS

### I. Judicial Estoppel

As noted above, the Magistrate Judge found that judicial estoppel bars the instant cause

of action due to Plaintiff's failure to amend her bankruptcy schedules after filing the instant

cause of action.  As the Magistrate Judge correctly pointed out, the Bankruptcy Code requires a

debtor to file "a schedule of assets and liabilities, a schedule of current income and current

expenditures, and a statement of the debtor's financial affairs."[2]  A legal claim or cause of action

is an asset that must be listed under § 521(1).[3]  The duty of disclosure is a continuing one, and a

debtor is required to disclose all potential causes of action.[4]

Under the doctrine of judicial estoppel, "[w]here a party assumes a certain position in a

legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply

because his interests have changed, assume a contrary position. . ."[5]  Judicial estoppel

"preserve[s] the integrity of the courts by preventing a party from abusing the judicial process

---

[1] *United State v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).  *See also* 28 U.S.C. § 636(b)(1).

[2] 11 U.S.C. § 521(1).

[3] *See Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

[4] *Scott v. The Dress Barn*, No. 04-1298-T-AN, 2006 WL 962534, at *3 (W.D. Tenn. April 12, 2006)(quoting *In re Costal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)).

[5] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)(internal citations omitted); see also *Eubanks*, 385 F.3d at 897.

through cynical gamesmanship."[6]  The Sixth Circuit, however, has instructed that the doctrine

should be applied with caution to "avoid impinging on the truth-seeking function of the court,

because the doctrine precludes a contradictory position without examining the truth of either

statement."[7]

      The United States Supreme Court in *New Hampshire* identified three factors that are

relevant in determining whether judicial estoppel should apply:

> (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[8]

In *Browning*, the Sixth Circuit focused on the first two factors identified in *New Hampshire* and

described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one

that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the

contrary position either as a preliminary matter or as part of a final disposition."[9]

      The Magistrate Judge correctly points out that the case at bar is strikingly similar to

*Bohanan v. Bridgestone/Firestone North America Tire, LLC.*[10]  In *Bohanan*, the plaintiffs filed a

---

[6] *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002)(internal citations omitted).

[7] *Eubanks*, 385 F.3d at 897.(quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)).

[8] *New Hampshire*, 532 U.S. at 750-51.

[9] *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)(internal quotation omitted).

[10] *Bohanan v. Bridgestone/Firestone North America Tire, LLC.*, No. 07-5542, 2008 WL 215749 (6th Cir. 2008).

bankruptcy petition almost two years before commencing a discrimination lawsuit.[11]  The

plaintiffs did not amend their bankruptcy schedules at any time before the defendant filed a

motion to dismiss, including when plaintiffs filed a motion to amend their Chapter 13 Plan in the

bankruptcy court.[12]  The Sixth Circuit affirmed the District Court's conclusion that the plaintiffs'

case must be dismissed because the plaintiffs had taken contrary positions under oath and

because the record contained no affirmative evidence of good faith, inadvertence, or mistake.[13]

Just as in *Bohanan*, the Plaintiff here did not amend her bankruptcy schedules at any time

prior to Defendant filing its Motion to Dismiss.  Plaintiff filed her Charge of Discrimination on

October 30, 2007.  On May 9, 2008, Plaintiff filed a Motion to Make Direct Payments and

Modify Plan Payment Schedule in the United States Bankruptcy Court for the Western District

of Tennessee.  Then, on February 2, 2009, Plaintiff filed her Complaint in the case at bar.  At

none of these times, did Plaintiff amend her bankruptcy schedules.  Therefore, Clarke is now

asserting a position in this lawsuit that is contrary to the position she took under oath in a prior

proceeding, and the United States Bankruptcy Court for the Western District of Tennessee has

already adopted her contrary position in its consideration of her bankruptcy case.  Thus, just as

the Magistrate Judge asserted, the *Browning* factors mandate that judicial estoppel bar Plaintiff

from pursuing the instant lawsuit.

Additionally, Plaintiff argues that her failure to disclose the present cause of action to the

United States Bankruptcy Court for the Western District of Tennessee should be deemed

---

[11] *Id.* at *1.

[12] *Bohanan v. Bridgestone/Firestone North America Tire*, LLC., No. 3:06cv122, 2007 WL 1091209, at *6 (M.D. Tenn. Apr. 10, 2007).

[13] *Bohanan*, 2008 WL 215749, at *2.

"inadvertent" and prevent the application of judicial estoppel.  The Sixth Circuit has held that

when the debtor's failure to disclose a claim is inadvertent or the result of a mistake by the

debtor, the claim will not be estopped.[14]  Inadvertence may be found (1) "where the debtor lacks

knowledge of the factual basis of the undisclosed claims" and (2) "where the debtor has no

motive for concealment."[15]  A motive to conceal can be inferred from the omission itself,

because "[b]y omitting the claims, [the debtor] could keep any proceeds for herself and not have

them become part of the bankruptcy estate."[16]

Here, the Magistrate Judge found that Plaintiff's failure to amend her bankruptcy

schedules was not inadvertent.  More specifically, the Magistrate Judge noted that Plaintiff was

aware of the factual basis for her discrimination claims on October 30, 2007 when she filed her

Charge of Discrimination, on May 9, 2008 when she sought to modify her payments, and on

February 2, 2009 when she filed the Complaint in this action.  Despite this knowledge, Plaintiff

did not amend her bankruptcy schedules on any of these days.  Additionally, the Magistrate

Judge noted that the "Sixth Circuit has held it is always in a Chapter 13 petitioner's interest to

minimize income and assets," and thus Plaintiff had a motive for concealment. Ultimately, the

Magistrate Judge found that Plaintiff failed to proffer evidence that her failure to amend her

bankruptcy schedules was inadvertent.

The Plaintiff, however, argues that the Magistrate Judge's findings make inappropriate

credibility determinations and that her actions were not in bad faith.  Therefore, the Plaintiff's

---

[14] *Browning*, 283 F.3d at 776.

[15] *Id.*

[16] *Johnson v. Interstate Brands Corp.*, No. 07-227B, 2008 WL 152895, at *4 (W.D. Tenn. Jan. 14, 2008)(quoting *Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (11th Cir. 20003)).

objection to the Magistrate Judge's Report and Recommendation seems to focus on the "no

motive" explanation to support her argument that her failure to amend her schedules was

inadvertent.  The Court, however, agrees with the Magistrate Judge.

In the case at bar, it is undisputed that Plaintiff had knowledge of her discrimination

claims on three occasions, October 30, 2007, May 9, 2008, and February 2, 2009, prior to the

Defendant filing the instant Motion to Dismiss.  Therefore, the Magistrate Judge correctly found

that Plaintiff did not inadvertently fail to amend her bankruptcy schedules due to the lack of

knowledge of her claim.  Additionally, as noted above, the Sixth Circuit has held that "it is

always in a Chapter 13 petitioner's interest to minimize income and assets."[17]  Thus, Plaintiff, as

a Chapter 13 debtor, had a motive to conceal her claim.  This finding was not a credibility

determination by the Magistrate Judge as the Plaintiff suggests but rather a firmly established

principle in this Circuit.

Plaintiff also contends that the Magistrate Judge's Order inappropriately requires

"unsophisticated debtors to know they are to amend their schedules."  Since Plaintiff, as noted

above, had a continuing obligation to amend her bankruptcy schedule, the Court finds this

argument is without merit.  Finally, Plaintiff argues that her actions were not done in bad faith.

Plaintiff, however, proffers no evidence to indicate that she took steps to apprise the bankruptcy

court of this lawsuit until after Defendant filed the instant Motion to Dismiss.  Thus, Plaintiff has

not proffered evidence that she acted in good faith. The Court finds that Plaintiff's failure to

amend her Schedule of Personal Property cannot be deemed inadvertent, and therefore

---

[17] *Lewis v. Weyerhaeuser Co.*, No. 04-5675, 2005 WL 1579713, at \*5 (6th Cir. July 6, 2005).

Defendant is entitled to judgment as a matter of law on the basis of judicial estoppel.  Thus, this Court adopts the Magistrate Judge's recommendation as to her holding on judicial estoppel.

### II.  Standing

The Magistrate Judge also found that Plaintiff lacks standing to pursue the instant suit. More specifically, the Magistrate Judge noted that Plaintiff's bankruptcy trustee, rather than Plaintiff, the debtor, has standing to pursue this cause of action.  The Magistrate Judge relied on the Sixth Circuit's holding in *Bauer v. Commerce Union Bank* for the proposition that debtors do not have standing to bring claims that are part of the bankruptcy estate.[18]  *Bauer*, however, involved a Chapter 7 filing, and not a Chapter 13 filing, as is the case here.

In this District, there appear to be two competing views on whether or not a Chapter 13 debtor has standing to bring claims.  The Sixth Circuit does not appear to have ruled on this issue.  In *Scott v. The Dress Barn*, District Chief Judge James Todd held that a Chapter 13 debtor lacked standing to pursue an employment discrimination claim, when she filed a bankruptcy petition less than a month after filing the claim.[19]  In so holding, the court, like the Magistrate Judge here, relied on *Bauer* and did not consider whether Chapter 7 and Chapter 13 debtors should be treated differently.  In contrast, in *Johnson v. Interstate Brands Corporation*, District Judge J. Daniel Breen held that a Chapter 13 debtor does have standing to bring suit.[20]  In

---

[18] *Bauer v. Commerce Union Bank*, 859 F.2d 438, 440-42 (6th Cir. 1998).

[19] *Scott*, 2006 WL 962534, at *2.

[20] *Johnson*, 2008 WL 152895, at *5.  The court relied on *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-78(7th Cir. 1999), for the proposition that Chapter 13 debtors and the trustee have concurrent standing to bring a claim.  *Id*.  The court also looked to *Olick v. Parker & Parsley Petroleum Co*., 145 F.3d 513, 515-16 (2d Cir. 1998) and *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992) for the same proposition.  *Id*.

*Johnson*, however, the court examined the factors differentiating Chapter 7 and Chapter 13

debtors.[21]   There, the court relied on holdings in the Seventh, Second, and Third Circuits for the

proposition that a debtor and trustee have concurrent standing to bring a claim.[22]  While the

Magistrate Judge adopted the rule enumerated in *Scott*, the Court finds the holding in *Johnson*

more persuasive.  Therefore, this Court finds that Plaintiff does have standing to pursue the

instant cause of action.

**<u>CONCLUSION</u>**

The Court adopts the Magistrate Judge's Recommendation that the case be dismissed

pursuant to the doctrine of judicial estoppel. Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.


                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: January 15th , 2010.

---

[21] *Id*. at *5.

[22] *Id*. at *6.